BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE NEW YORK CITY MUNICIPAL      )        DOCKET NO. 314
SECURITIES LITIGATION              )

*FILED NOV -1 1977 PATRICIA D. HOWARD CLERK OF THE PANEL*

OPINION AND ORDER

————————————

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD*,
EDWIN A. ROBSON, JOSEPH S. LORD, III*, STANLEY A. WEIGEL,
ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL.

————————————

PER CURIAM

    This litigation consists of ten actions pending in

two districts:  eight in the Southern District of New

York, 1/  and two in the District of Massachusetts.  The

————————————

*       Judges Weinfeld and Lord took no part in the decision
of this matter.
1/    Six of these actions were originally filed in the
Southern District of New York.  Judge Richard Owen, to whom
these actions were assigned, has entered an order consoli-
dating for all purposes five of these six actions.  A motion
to similarly consolidate the sixth action is presently
pending before him.  The two remaining actions pending in
the Southern District of New York, Truncell v. Bank of
America and Friedlander v. Bank of America (the California
actions), were originally filed in the Northern District of
California after the Bank of America had been dismissed as
a defendant in two of the other Southern District of New
York actions  pursuant to the venue provision of the
National Bank Act, 12 U.S.C. §94.  Judges Stanley A. Weigel
and Samuel Conti, upon stipulation by the parties in the
respective California action to which each had been assigned,
entered orders transferring the California actions to the
Southern District of New York for coordinated or consolidated
pretrial proceedings with the New York consolidated actions.

complaint in each action alleges violations of the federal
securities laws in connection with the marketing of New
York City's securities during 1974 and 1975. Generally,
the City, its chief financial officers  and various
financial institutions are accused of conspiring to
conceal the City's financial condition in order to
effectuate the sale of various types of New York City
obligations.  Defendants are alleged to have used false
and misleading public statements, improper accounting
practices, illegal sales of short-term notes and other
fraudulent devices in furtherance of their illegal scheme.
In seven actions, including the two Massachusetts actions,
defendant financial institutions are accused of conspiring
on the basis of material inside information to reduce
their own holdings of New York City obligations, while
continuing, in the capacity as underwriters or dealers, to
market City securities to members of the general public.

The Massachusetts actions, Truncell v. The First
National Bank of Boston (Boston I) and Friedlander v.
The First National Bank of Boston (Boston II), were brought
against the Boston bank after it had been dismissed from
two of the New York actions pursuant to the venue provision
of the National Bank Act, 12 U.S.C. §94.  The plaintiffs
in the Massachusetts actions are also plaintiffs, respectively,
in the two New York actions from which the Boston bank
obtained dismissal.

All the actions in this litigation have been brought as class actions on behalf of purchasers of various types of New York City securities.  A class of original, non-dealer purchasers of four series of New York City short-term notes and a class of purchasers of New York City general obligation bonds have been certified in two of the con-solidated New York actions.[2]  Requests for certification of classes similar to one or the other of the certified classes have been denied in the other three consolidated New York actions.

Plaintiffs in Boston I and Boston II each move the Panel for an order pursuant to 28 U.S.C. §1407 transferring the respective action to which each is a party to the Southern District of New York for coordinated or consoli-dated pretrial proceedings with the actions pending there. The only party opposing the motions is the First National Bank of Boston.  We find that the ten actions in this liti-gation raise common questions of fact and that transfer of the Massachusetts actions to the Southern District of New York under Section 1407 will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

The First National Bank of Boston contends that transfer of the Massachusetts actions to the Southern District of New York is inappropriate at this time because: 1) the actions in this litigation share no questions of

2/   Friedlander v. City of New York, 71 F.R.D. 546 (S.D.N.Y. 1976); Spector v. City of New York, 71 F.R.D. 550 (S.D.N.Y. 1976).

fact that are sufficiently complex to warrant transfer;
2) any economies to be realized from transfer can also
be accomplished through voluntary cooperation of counsel
in these actions; 3) the class certification issues pending
in the Massachusetts actions should be determined by the
court that will eventually try the actions; 4) the Boston
Bank has not participated in any discovery that has
occurred to date in the New York actions and would be
prejudiced by this lack of participation and by the burden
of participating in further discovery activities unrelated
to its alleged liability; 5) the plaintiffs in the
Massachusetts actions have waived their right to transfer
under Section 1407 as a result of dilatoriness in seeking
that transfer; and 6) discovery concerning the Boston
bank's culpability will perforce occur in Boston, where the
bank's headquarters and chief executive officers are
located.   In addition, the Boston bank argues that Boston II
has become moot because the named plaintiff no longer holds
New York City obligations and that therefore that action should
be left in the Massachusetts forum for prompt disposition.

Finally, the Boston bank argues that the objectives
of the venue provision of the National Bank Act are as
likely to be frustrated by transfer for pretrial under
Section 1407 as by transfer for trial.   Accordingly, the
Panel is asked to reconsider its ruling in In re Falstaff
Brewing Corp. Antitrust Litigation, 434 F. Supp. 1225, 1229-30

(J.P.M.L. 1977) whereby the Panel refused to exempt
national banks from the application of the provisions of
Section 1407.

We find these arguments unpersuasive.  The actions
in this litigation clearly involve common questions of
fact concerning (i) the financial position of the City
of New York during 1974-1975 and (ii) the existence and imple-
mentation of an alleged conspiracy among defendant financial
institutions, including the Boston Bank, to obtain inside
information regarding the City's finances, to conceal
that information from the general public while marketing
the City's securities as dealers or underwriters, and to
reduce their own holdings of the City's securities without
disclosing that fact to public purchasers.  Transfer under
Section 1407 is thus necessary to prevent duplication of
discovery, eliminate the possibility of conflicting pre-
trial rulings, and conserve the efforts of the parties,
the witnesses and the judiciary.  While voluntary coordina-
tion of discovery efforts among parties and their counsel
is always commendable, transfer of these actions to a
single district under Section 1407 will ensure the stream-
lining of discovery and all other pretrial proceedings
as well.  See In re Ascot Oils, Inc. Securities Litigation,
433 F. Supp. 1118, 1120 (J.P.M.L. 1977).

Because the Boston bank is not a defendant in any of the New York actions, no possibility of conflicting class action determinations exists between the New York actions as compared to the Massachusetts actions. Notwithstanding the absence of this potential conflict, there is no reason, in light of the overriding factors here favoring coordinated or consolidated pretrial proceedings in a single district, why the class determinations regarding the Massachusetts actions should not be made by the transferee judge. Indeed, the transferee judge's participation in this important pretrial process will better enable him to coordinate the pretrial proceedings regarding the common factual questions and to thereby effect the simplification of issues through control of discovery and other means. See also In re Plumbing Fixtures Litigation, 298 F. Supp. 484, 494-95 (J.P.M.L. 1968). Similarly, we see no reason to delay the transfer of Boston II because of the mootness assertion. The mootness issue is apparently contested by the parties, and the transferee judge will be amply able to resolve the matter if and when any motion to dismiss is filed.

The Boston bank's concern about the impact that participation in coordinated or consolidated pretrial proceedings will have on the conduct of discovery in Boston I and Boston II is unwarranted. Although discovery heretofore completed in New York may be made applicable

to the Massachusetts actions by utilizing the procedures recommended in the Manual for Complex Litigation, Part I, §3.11 (rev. ed. 1977), the Boston bank is still free to approach the transferee judge regarding any reasonable discovery needs.  And the Boston bank need not participate in discovery unrelated to the actions to which it is a party.  See, e.g., id. at Part I, §2.31.  Moreover, prudent counsel in all actions can apportion their workload and otherwise combine forces to effectuate an overall savings of cost and a minimum of inconvenience to all concerned with the discovery activities.  See id. at Part I, §§1.90-1.93.

The Boston bank's suggestion that the plaintiffs in Boston I and Boston II have somehow either waived their right to transfer under Section 1407 or otherwise attempted to misuse this statute  reflects a misconception of the purposes of Section 1407.  The Panel's function is not to supervise the exercise of any individual party's right to transfer, for truly no such right exists.  Rather, the Panel weighs the interests of all parties, considers multi-district litigation as a whole in light of the purposes of Section 1407, and only then makes its determination regarding transfer.  See In re Library Editions of Children's Books, 297 F. Supp 385, 386 (J.P.M.L. 1968).  Where, as here, significant benefits are to be gained by coordinated and consolidated proceedings, the Panel will order transfer.

The Panel has recently reiterated its ruling that
the policy considerations surrounding the venue provision
of the National Bank Act do not preclude transfer under
Section 1407 of actions involving national banks.  See
In re Investors Funding Corporation of New York Securities
Litigation, ___ F. Supp. ___, ___ (J.P.M.L., filed August 8,
1977) (slip opinion at 8-10).  The reasoning in the
Investors Funding opinion remainssdispositive of the
arguments raised by the Boston bank in this litigation.

The Southern District of New York is clearly the
most appropriate transferee forum for this litigation.
The relevant municipal documents and officers will be
found there, as will many other relevant documents and
witnesses because New York City is the location of
principal offices and executives of all but two of the
seventeen corporate defendants involved in this litigation.
Also, eight of the ten actions involved herein are already
pending in New York.  See id. at ____ (slip opinion at 10).
Furthermore, the familiarity which Judge Owen has
developed with the litigation as a result of the pretrial
proceedings that have been conducted in some of the actions
pending in the Southern District of New York weighs
significantly in favor of that district as the transferee
forum.  See In re Griseofulvin Antitrust Litigation, 395
F. Supp. 1402, 1403 (J.P.M.L. 1975).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C §1407, the actions listed on the following Schedule A and pending in the District of Massachusetts be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Richard Owen for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

Schedule A

| DISTRICT OF MASSACHUSETTS | Civil Action No. |
|---|---|
| James H. Truncell v. The First Bank of Boston | 76-3285-C |
| Hortense Friedlander v. The First National Bank of Boston | 76-2685-T |

| SOUTHERN DISTRICT OF NEW YORK | Civil Action No. |
|---|---|
| Michael H. Spector, et al. v. The City of New York | 75 Civ 5461 |
| James H. Truncell v. Bank of America NT and SA | 76 Civ 4997 |
| Hortense Friedlander v. The City of New York, et al. | 75 Civ 3981 |
| Norman Goldfarb v. The City of New York | 75 Civ 5581 |
| Mark Weisberg v. The City of New York | 75 Civ 5582 |
| Ida Velardi, et al. v. First National City Bank (New York) | 76 Civ 0843 |
| Joe Manchester v. The City of New York | 77 Civ 0990 |
| Hortense Friedlander v. Bank of America NT & SA | 76 Civ 4468 |